SAUL KOCH, PLAINTIFF-RESPONDENT, v. A. DIANI & COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted January 19, 1944—Decided April 14, 1944.

Before Justices CASE, DONGES and PORTER.

For the defendant-appellant, *Morris Pashman*.

For the plaintiff-respondent, *A. Victor Koch* (*A. Leon Kohlreiter,* of counsel).

The opinion of the court was delivered by

PORTER, J. This appeal is from a judgment of the Second District Court of Paterson in favor of the plaintiff and against the defendant in an action to recover damages for breach of contract for the non-delivery of 125 cases of wine on a contract for 200 cases. Seventy-five of the cases embraced in the contract, which were delivered, had not been paid for, and the defendant counter-claimed for the contract price for the same.

There is a sharp dispute concerning the price and quantity contracted for. The plaintiff says that he gave an order to the defendant salesman for 200 cases of wine at a price of $3.70 per case. The defendant says the salesman delivered the order for 100 cases at $3.70. Having no wine at that price, he delivered 75 cases at $3.85 per case and noted on the delivery receipt that "balance of order will be shipped

later." The delivery receipt also gave the price at $3.85 per case. Within a few weeks of the delivery there was an increase in the market price of wine of this quality. In the meantime the plaintiff objected to the price he was charged and had some conversations with the salesman on the subject. However, he neither paid for the wine nor returned it to the defendant. There was also testimony as to what the market price was within a reasonable time of this contract and delivery. What the terms of sale were as to price and quantity were clearly questions of fact under this testimony for the sole determination of the trial court sitting without a jury.

The finding was that the contract was for the sale of 200 cases at $3.85 per case to be delivered within a reasonable time and that within that time the price had increased on the 125 cases not delivered, $350 above the contract price. Judgment was therefore rendered for that amount to the plaintiff and a judgment to the defendant on a counter-claim for $288.75, the contract price for the 75 cases delivered. There being testimony in support of these findings, the same is final and conclusive. R. S. 2:32–202. The appellant argues that there is no evidence upon which the judgment can be supported and that the trial court improperly calculated the damages, the same being excessive. We think there was testimony to support the findings as to all of the issues. With respect to damages, the contract being silent as to just when the delivery was to be made except for the use of the word "later," we conclude that the trial court correctly interpreted that to mean "within a reasonable time." There was proof as to the increased market price of the wine within a reasonable time upon which testimony he properly assessed the damages. Other points argued by the appellant with respect to rulings on evidence have been considered and found to be without merit.

The judgment under review is affirmed, with costs.